U.S. DISTRICT COURT
2013 FEB 20 PM 2:58
CLERK L. Moore
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **6:03CR00009-1** |
| | ) | |
| **BOBBY JIMMILE SMITH** | ) | |

**ORDER**

On December 11, 2002, Bobby Jimmile Smith appeared before the Honorable N. Carlton Tilley, Jr., United States District Judge for the Middle District of North Carolina, and was sentenced after entering a plea of guilty to the offense of possession of a firearm by a convicted felon, two counts. The defendant was sentenced to 120 months custody as to each count, to be served concurrently, but consecutively to the state sentence he was serving, followed by a 3-year term of supervised release. Special assessment fees totaling $200 were imposed. As special conditions of supervised release, the defendant was ordered to participate in a program of testing and treatment for substance abuse, provide requested financial documentation to the probation officer, and complete 75 hours of community service for each year on supervision at a rate of not less than 16 hours per month.

On October 21, 2003, the defendant appeared before this Court and was sentenced after entering a plea of guilty to sale of a stolen motor vehicle. The defendant was sentenced to 24 months custody, to be served consecutively to the sentence imposed on December 11, 2002, in the Middle District of North Carolina, followed by a 3-year term of supervised release. Restitution in the amount of $27,421, to be paid at a rate of $500 a month, and a $100 special assessment were imposed. As special conditions of supervised release, the defendant was ordered to participate in a program of testing and treatment for substance abuse, provide any

requested financial information to the probation officer, and not incur new credit card charges or open additional lines of credit unless in compliance with the installment payment schedule.

On February 5, 2013, an order was issued by the Honorable N. Carlton Tilley, Jr., United States District Judge, Middle District of North Carolina, vacating the North Carolina sentence and dismissing the underlying indictment. This occurred as a result of a decision in a Fourth Circuit case, United States v. Simmons, 649 F.3d 237 (2011). Essentially, Simmons changed whether certain North Carolina structured sentencing convictions could be considered *felony* convictions (i.e., punishable by imprisonment exceeding one year). In the defendant's case, it was determined that the North Carolina felony convictions used to establish his federal conviction for felon in possession of a firearm should not have been regarded as felonies.

As a result of this sentence being vacated, the Bureau of Prisons (BOP) was notified and determined that, absent the North Carolina federal conviction, the defendant would have been released from custody on August 6, 2004. He was therefore immediately released from BOP custody on February 11, 2013, and is presently being supervised by United States Probation Officer Shavaughn Chapman in the Winston Salem, North Carolina, office for Southern District of Georgia Case Number 6:03CR00009-1. According to the BOP, if the defendant is ever returned to BOP custody as a supervised release violator, he will be awarded over-served time credit (3,111 days) to the revocation sentence.

Although the defendant began his 3-year term of supervised release on February 11, 2013, he served approximately 8½ years longer than he should have based on the order to vacate the sentence in North Carolina. Should the defendant violate any terms and conditions of supervised release and be revoked, he will receive credit for the custodial sentence he has previously served, thereby rendering a revocation a non-event. The defendant would in fact have

little incentive to comply on supervised release, as he could never be made to serve any actual imprisonment on a revocation.

Given the Court has no ability to sentence the defendant to any custodial sentence should he violate any term of supervised release, the Court hereby terminates the defendant's 3-year supervised release term imposed on October 21, 2003.

**SO ORDERED** this 2 day of February, 2013.

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia